UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY TOKAR,

    Plaintiff,

                  Case No. 20-cv-0686-bhl

 v.

UNITED COLLECTION BUREAU INC,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff Kimberly Tokar filed this action on May 1, 2020 against United Collection Bureau, Inc., alleging the defendant violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., and the Wisconsin Consumer Act, Wis. Stat. Ch. 421-27. On August 7, 2020, the defendant filed a Motion to Dismiss with prejudice arguing plaintiff failed to state a claim. (ECF No. 7.) After the parties had completed briefing on the defendant's motion, Tokar filed her own motion to voluntarily dismiss the case for lack of subject matter jurisdiction. (ECF No. 12.) The defendant has not responded to Tokar's motion.

    When a motion for voluntary dismissal is filed after the defendant files a response, such as in this case, Federal Rule of Civil Procedure 41 provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The plaintiff seeks dismissal of her case for lack of Article III standing, based on the Seventh Circuit's December 14, 2020 decision in *Larkin v. Finance Sys. of Green Bay, Inc.*, 982 F.3d 1060 (2020). The decision holds that plaintiffs asserting causes of action under the Fair Debt Collection Practices Act must demonstrate reliance on the representations at issue. Upon further investigation, plaintiff concluded that her Article III standing in this case was doubtful. (ECF No. 12, ¶4.) The Court is satisfied that dismissal of the case without prejudice, based on these terms, is proper.

    The dismissal of the case for lack of jurisdiction, in turn, necessitates denying the defendant's motion to dismiss with prejudice. *See Collier v. SP Plus Corp.*, 889 F.3d 894, 897

(7th Cir. 2018) ("A suit dismissed for lack of jurisdiction cannot *also* be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render."). Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion to dismiss (ECF No. 12) is GRANTED and, pursuant to Fed. R. Civ. P. 41(a)(2), the case is dismissed without prejudice.

IT IS FURTHER ORDERED that the defendant's motion to dismiss with prejudice (ECF No. 7) is DENIED.

Dated at Milwaukee, Wisconsin this 18th day of February, 2021.

s/ *Brett H. Ludwig*_____<br>
BRETT H. LUDWIG<br>
United States District Judge